Anthony J. Viola
Andre K. Cizmarik
Joseph E. Czerniawski
EDWARDS ANGELL PALMER & DODGE LLP
Attorneys for Plaintiffs
   Takeda Pharmaceutical Company Limited,
   Takeda Pharmaceuticals North America, Inc., and
   Takeda Global Research and Development Center, Inc.
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____            │
│ DATE FILED: 7/29/09              │
└─────────────────────────────────┘
```

## UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAKEDA PHARMACEUTICAL COMPANY LIMITED, TAKEDA PHARMACEUTICALS NORTH AMERICA, INC., and TAKEDA GLOBAL RESEARCH and DEVELOPMENT CENTER, INC., <br><br>                Plaintiffs, <br><br> v. <br><br> SANDOZ, INC., <br><br>                Defendant. | 09 CIV 5210 <br><br> Hon. Denise L. Cote |

## STIPULATION REGARDING
## CONFIDENTIALITY AND PROTECTIVE ORDER

All parties to the above-referenced action, by their attorneys, hereby stipulate and agree that the terms and conditions of this Stipulation Regarding Confidentiality And Protective Order ("Stipulation") shall govern the production and handling of documents, answers to interrogatories, responses to requests for admissions, depositions, pleadings, exhibits, and all other exchanges of information by the parties in this action.

NYC 330364.1

Pursuant to Fed. R. Civ. P. 26(c), by agreement of the parties, the Court finds that good cause exists for entry of a protective order to prevent unauthorized disclosure and use of the parties' trade secrets and other confidential information during and after the course of this litigation. This protective order shall apply to all documents produced during the course of this litigation. Accordingly, IT IS HEREBY ORDERED THAT:

1. "Confidential Material" is defined as all documents, information, testimony or things produced during discovery which a party (i) believes contain sensitive trade secrets, proprietary information, or other confidential information (including but not limited to non-public information concerning research, development, testing, or evaluation of pharmaceuticals, non-public patent applications and files, non-public manufacturing, marketing, or financial information, non-public license agreements or negotiations, non-public information concerning drug applications, and non-public communications with the Food and Drug Administration) that can be the subject of protection pursuant to Federal Rule of Civil Procedure 26(c), and (ii) designates as such, in accordance with the procedures set forth in paragraph 7. In the case of Confidential Material that is so extremely sensitive in the context of this case that there is a real danger that the party producing the information could be prejudiced if the information is disclosed under the protection provided by Confidential Material, a party may designate such material as "Highly Confidential - Outside Attorneys Eyes Only Material." As used herein, the designation "Highly Confidential-Outside Attorneys Eyes Only" may

- 2 -

be invoked in good faith by a Producing Party and only with respect to particularly sensitive marketing, sales, technical and financial information, including, by way of example but not of limitation, customer lists, price lists, costs of production, financial projections or profit calculations, trade secrets, and information related to research and development. In appropriate cases, sensitive third party information may be so designated. The designation "Confidential" may be invoked in good faith by a Producing Party with respect to any other Confidential Material.

2.    Confidential Material and Highly Confidential - Outside Attorneys Eyes Only Material shall be used by the parties solely for the prosecution or defense of the claims and counterclaims asserted in the pending proceedings between the parties.  No Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material disclosed in this action may under any circumstances be disclosed or disseminated to non-parties, except as provided herein, and the parties and recipients shall not use Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material disclosed by another party in the conduct of their business or for any reason other than the purposes of the pending proceedings between the parties.

3.    Except with the prior written consent of the producer, or in accordance with the procedure set forth in paragraph 9, Confidential Material may be disclosed only to the following persons and to no others, including without limitation government agencies or investigating bodies, except pursuant to

- 3 -

lawful process, reasonable advance notice of which is to be provided to the party designating such material as Confidential:

(a)     The attorneys working on this action on behalf of any party, including in-house counsel actively engaged in the prosecution or defense of this action, and their respective associates, paralegals, clerks and employees involved in the conduct of this litigation. Persons working on development of business plans related to, or patent applications related to pioglitazone-containing drug products or methods of using same are excluded from seeing Confidential Material, and persons who do have access to Confidential Material cannot participate in such activities for five years after this case is finally terminated;

(b)     Vendors retained by counsel to translate, copy, image, catalog, or otherwise prepare or organize documents or things.  For purposes of this Stipulation, the phrase "vendors retained by counsel" shall not include any officer, director, or employee of a party, or any person regularly employed by a party;

(c)     Up to three (3) persons selected from the officers, directors and employees of the receiving party. Persons working on development of, business plans related to, or patent applications related to pioglitazone-containing drug products or methods of using same are excluded from seeing Confidential Material, and persons who do have access to Confidential Material cannot participate in such

- 4 -

activities for five years after this case is finally terminated;

(d)     Outside experts and consultants retained by a party or the party's
        counsel for the purpose of preparing or assisting in this litigation,
        and their respective clerks and employees involved in assisting
        them in this litigation, to the extent deemed necessary by counsel.
        Disclosure to an outside experts or consultant, however, shall be
        subject to the terms of paragraph 6 below;

(e)     The finders of fact, their assistants, court reporters and similar
        personnel involved in the pending proceedings between the parties;

(f)     Deponents or witnesses with respect to whom the attorney for the
        examining party believes in good faith that disclosure of
        Confidential Material should be made in order to conduct relevant
        examinations of such witnesses on topics about which the attorney
        in good faith believes the witnesses may have relevant information.
        In the case of a witness who is not a party to this action and who
        has not previously agreed to be bound by the terms of this
        Stipulation, the attorney conducting the examination shall limit
        disclosure of Confidential Material by any means practicable (i.e.,
        redaction or severance of nonrelevant portions) to that which is in
        good faith required to conduct a meaningful examination of the
        witness, and shall show all counsel a copy of said redacted
        document before showing it to the witness. Any witness who has
        not agreed to be bound by this Stipulation may only be shown

- 5 -

copies of Confidential Material in accordance with the requirements of this sub-paragraph, but may not be provided a copy of any Confidential Material to retain for any period of time. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply for a Protective Order or other appropriate relief;

(g)     Any person indicated on the face of the document to be its originator or author or a recipient thereof; and

(h)     Any other person, either with the prior written consent of the party who has designated such information as Confidential or pursuant to an order of the Court.

4.     Except with the prior written consent of the producer, or in accordance with the procedure set forth in paragraph 9, Highly Confidential - Outside Attorneys Eyes Only Material may be disclosed only to the following persons and to no others, including without limitation government agencies or investigating bodies, except pursuant to lawful process, reasonable advance notice of which is to be provided to the party designating such material as confidential:

(a)     The outside counsel of record in this proceeding, including their respective associates, paralegals, clerks, and employees involved in the conduct of this litigation. For purposes of this Stipulation, the

- 6 -

phrase "outside counsel of record" shall not include any officer, director, or employee of a party, or any person regularly employed by a party;

(b)    Vendors retained by counsel to translate, copy, image, catalog, or otherwise prepare or organize documents or things.  For purposes of this Stipulation, the phrase "vendors retained by counsel" shall not include any officer, director, or employee of a party, or any person regularly employed by a party;

(c)    Outside experts and consultants retained by outside counsel of record for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel. For purposes of this Stipulation, the phrase "outside experts and consultants" shall not include any officer, director, or employee of a party, or any person regularly employed, retained, or otherwise consulted by a party on matters not pertaining to this litigation. Disclosure to an outside experts or consultant, however, shall be subject to the terms of paragraph 6 below;

(d)    The finders of fact, their assistants, court reporters and similar personnel involved in the pending proceedings between the parties;

(e)    Deponents or witnesses with respect to whom the attorney for the examining party believes in good faith that disclosure of Highly Confidential - Outside Attorneys Eyes Only Material should be

- 7 -

made in order to conduct relevant examinations of such witnesses on topics about which the attorney in good faith believes the witnesses may have relevant information. In the case of a witness who is not a party to this action and who has not previously agreed to be bound by the terms of this Stipulation, the attorney conducting the examination shall limit disclosure of Highly Confidential - Outside Attorneys Eyes Only Material by any means practicable (i.e., redaction or severance of nonrelevant portions) to only that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any witness who has not agreed to be bound by this Stipulation may only be shown copies of Highly Confidential - Outside Attorneys Eyes Only Material in accordance with the requirements of this sub-paragraph, but may not be provided a copy of any Highly Confidential - Outside Attorneys Eyes Only Material for any period of time. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply for a Protective Order or other appropriate relief;

(f)     Any person indicated on the face of the document to be its originator or author or a recipient thereof; and

- 8 -

(g)    Any other person, either with the prior written consent of the party
       who has designated such information as Highly Confidential or
       pursuant to an order of the Court.

5.     Except for vendors of copying, imaging, cataloging or other document
       preparation services, the persons described in paragraphs 3(b), (c), (d), (f),
       (g) and (h) shall have access to the Confidential Material, and the persons
       described in paragraphs 4(b), (c), (e), (f) and (g) shall have access to
       Highly Confidential - Outside Attorneys Eyes Only Material only after
       they have been made aware of the provisions of this Stipulation and have
       manifested their assent to be bound thereby by signing a copy of the
       Statement annexed hereto as Exhibit A. Executed copies of the
       Statements shall be maintained by the attorney who discloses Confidential
       Material or Highly Confidential - Outside Attorneys Eyes Only Material to
       the signatory. Nothing in this Stipulation shall be construed to require
       execution of the Statement by the party producing and designating such
       Confidential Material, or to prevent disclosure of Confidential Material by
       the party producing and designating such Confidential Material, except as
       otherwise provided in paragraphs 3(f) and 4(e).

6.     Before disclosing Confidential Material or Highly Confidential - Outside
       Attorneys Eyes Only Material to an outside expert or consultant pursuant
       to paragraphs 3(d) or 4(c) above, the party retaining the expert or
       consultant shall provide the other party with a copy of the Statement
       executed by the expert or consultant, a curriculum vitae or current resume

- 9 -

of the expert or consultant, and full disclosure of such person's past or
present relationship or affiliation with any party (collectively, the
"Background Information"). Within twenty (20) business days of the
receipt of such Background Information, any party may object in writing
to the expert or consultant having access to Confidential Material or
Highly Confidential - Outside Attorneys Eyes Only Material. Failure to
object within such period shall be deemed approval. If the parties are
unable to reach agreement within twenty-five (25) business days after
receipt of such Background Information, the party seeking to disclose
Confidential Material or Highly Confidential - Outside Attorneys Eyes
Only Material may seek an order granting the expert or consultant access
to such materials. No disclosure shall be made to any expert or consultant
prior to approval by the producing party or an order of the Court granting
access.

7.      The parties shall designate Confidential Material or Highly Confidential -
        Outside Attorneys Eyes Only Material as follows:

        (a)     In the case of documents, designation shall be made by placing the
                following legend on each page of any such document prior to
                production: "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
                OUTSIDE ATTORNEYS EYES ONLY" or similar legend
                identifying material as Confidential or Highly Confidential -
                Outside Attorneys Eyes Only.

        (b)     In the case of depositions, counsel for any party, or any deponent

- 10 -

NYC 330364.1

in this action, who in good faith reasonably believes that any portion of his, her, or its testimony discloses any sensitive information of a nonpublic nature, may designate such portions as Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material by advising the reporter of the designation. The reporter shall designate the portion of the transcript (including exhibits) which contains Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material by placing the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS EYES ONLY" on each page of the transcript containing such material and shall separately bind such portions of the transcript indicating that Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material is contained therein.

(c)     Any party may designate documents used at depositions or portions of deposition transcripts as containing Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material even if not initially marked as such in accordance with the terms of this Stipulation by so advising counsel for each party in writing within thirty (30) days of the receipt of the document or deposition transcript which he, she, or it wishes to designate as Confidential or Highly Confidential – Outside Attorneys Eyes Only. Thereafter each such document or transcript portion shall be

- 11 -

treated in accordance with the terms of this Stipulation.  Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing Confidential Material shall thereafter treat such information as if it had been designated as Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material at the time he, she, or it first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

(d)     In the event that third parties produce documents or provide information, including deposition testimony, in connection with the parties' court proceeding, the parties to this proceeding agree that production of such documents or information shall be made subject to the provisions of this Stipulation, and that the third parties producing such documents and information shall be treated as producing parties within the terms of this Stipulation.

8.     Any pages in a written submission to the Court that disclose Confidential Material shall be marked according to paragraph 7 and shall be filed under seal, after making the appropriate motion and receiving the Court's consent pursuant to Electronic Case Filing Rule 6.2.  The original and all copies of any document constituting or containing Confidential Material shall state in bold letters on the first page of the document that it is

- 12 -

CONFIDENTIAL or HIGHLY CONFIDENTIAL-OUTSIDE

ATTORNEYS EYES ONLY.

9.  A party shall not be obligated to challenge the propriety of a Confidential
    Material or Highly Confidential - Outside Attorneys Eyes Only Material
    designation made by another party at the time it is made, and failure to do
    so shall not preclude a subsequent challenge thereto. A party may
    challenge such designation by sending written notice to the designating
    party. The parties shall attempt to resolve any challenge in good faith on
    an informal basis. If the challenge cannot be resolved in that manner,
    either party may apply for an appropriate ruling from the Court. In the
    event that a party challenges such designation, such party shall provide to
    the other party reasonable prior written notice of its motion or application.
    The burden of proving that information has been properly designated as
    Confidential or Highly Confidential – Outside Attorneys Eyes Only shall
    be on the Producing Party making such designation.

10. The disclosure by a producing party of Confidential Material or Highly
    Confidential - Outside Attorneys Eyes Only Material, by way of
    delivering responses to discovery requests, delivering copies of
    documents, disclosing deposition testimony or otherwise, without the
    designation required by paragraph 7, shall constitute a waiver of any claim
    of confidentiality, except in the situation where (a) such disclosure
    resulted from inadvertence or mistake on the part of the producing party,
    (b) such inadvertent or mistaken disclosure has been brought to the

- 13 -

attention of the receiving party promptly after discovery of such disclosure
but not later than fourteen (14) days after such discovery, and (c) within
fourteen (14) days of such discovery, the producing party has provided
properly marked documents. Upon such notice, and upon receipt of
properly marked documents, the materials shall be treated as if originally
produced pursuant to this Stipulation and the receiving party shall return
said unmarked documents and things to the extent practicable, and shall
not retain copies thereof and shall treat information contained in said
documents and things and any summaries or notes thereof as if originally
produced pursuant to this Stipulation.

11.     If information subject to a claim of attorney-client privilege or work
        product immunity is inadvertently or mistakenly produced, such
        production shall in no way prejudice or otherwise constitute a waiver of,
        or estoppel as to, any claim of privilege or work-product immunity for
        such information. If a party has inadvertently or mistakenly produced
        information subject to claim of immunity or privilege, upon request made
        by the producing party within seven (7) business days of its discovery that
        such inadvertent or mistaken production has occurred, the information for
        which a claim of inadvertent production is made shall be returned within
        seven (7) business days of such request, and all copies of any returned
        document that may have been made shall be destroyed. The party
        returning such information may move the Court for an order compelling
        production of such information if it believes that the information is not

- 14 -

properly being withheld on the basis of the attorney-client privilege or work product doctrine. If the receiving party does not return the documents within seven (7) business days of such request by the producing party, the producing party may request that the Court issue an order compelling the return or destruction of all copies of the inadvertently or mistakenly produced information or document.

12. In the event that Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material is used in any court hearing or other proceeding, it shall not lose its Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use.

13. Counsel for either party shall have the right to exclude from depositions any person, other than the deponent and the court reporter, who is not authorized under this Protective Order to receive Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material. Such exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which has been designated as Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material.

14. Within sixty (60) days of the termination of the pending proceedings between the parties, each party shall return all Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material and all copies

- 15 -

thereof to the party which produced it or shall confirm in writing to the producing party that all such documents have been destroyed, except that counsel shall be permitted to retain copies of documents filed with the Court, transcripts, and attorney work product which shall remain subject to this Order.

15.    By this Stipulation, no person waives any right it may have to object to any or all discovery requests on any applicable grounds or to object to the admission on any applicable grounds of any discovery materials as evidence at any trial or hearing. In any proceeding concerning the confidential and proprietary nature of discovery material a party is seeking to protect from disclosure, the parties shall not use production under this Stipulation as ground for an argument that such discovery material is not confidential or proprietary.

16.    The provisions of this Stipulation may be modified or supplemented by agreement of the parties hereto only in writing. Each party hereto reserves the right to apply to the Court for protection pursuant to, relief from any or all of the provisions of, or protection in addition to that provided by, this Stipulation. Absent written permission of the party disclosing the Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material, or order of the Court, the provisions of this Stipulation shall continue to be binding after the conclusion of this action.

17.    To the extent that any discovery material has been produced by any party prior to the entry of this Stipulation, the party producing such material

- 16 -

NYC 330364.1

may retroactively designate such material as Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material by placing the appropriate legend on such material and providing copies of the material bearing such legends to the other party to replace non-designated copies of the material previously produced. Any document already produced which bears such a legend shall be deemed produced pursuant to this Stipulation.

18. Nothing in this Stipulation shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of documents designated Confidential Material or Highly Confidential - Outside Attorneys Eyes Only Material, provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make specific disclosure of the contents of any document so designated. Except as otherwise provided herein, nothing in this Order shall be deemed a waiver of any right any party otherwise might have under the Federal Rules of Civil Procedure or the doctrines of attorney-client privilege or attorney work product privilege.

19. In the event a party has legally obtained documents or information through a method other than production pursuant to this Stipulation, nothing in this Stipulation shall limit the use by that party of such documents or information, even if copies of such documents or information have been

- 17 -

designated as Confidential Material or Highly Confidential - Outside

Attorneys Eyes Only Material by another party.

Dated: July 27, 2009
    New York, NY

Anthony J. Viola
Andre K. Cizmarik
EDWARDS ANGELL PALMER &
    DODGE LLP
Attorneys for Plaintiffs
  Takeda Chemical Industries, Ltd.,
  Takeda Pharmaceuticals, North America, Inc., and
  Takeda Global Research and Development Center, Inc.
750 Lexington Avenue
New York, NY 10022
(212) 308-4411

Richard J. Basile
David Aldrich
Benjamin C. White
ST. ONGE STEWARD JOHNSTON &
    REENS LLC
Attorneys for Defendant
986 Bedford Street
Stamford, CT 06905-5619
(203) 324-6155

SO ORDERED:

United States District Judge

July 28, 2009

Dated: _____, 2009

- 18 -

## Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAKEDA PHARMACEUTICAL COMPANY                09 CIV 5210
LIMITED, TAKEDA PHARMACEUTICALS
NORTH AMERICA, INC., and TAKEDA
GLOBAL RESEARCH and DEVELOPMENT             Hon. Denise L. Cote
CENTER, INC.,

                              Plaintiffs,

        -v-

SANDOZ, INC.

                              Defendant.

### ACKNOWLEDGMENT OF CONFIDENTIALITY STATEMENT

The undersigned hereby acknowledges that he or she has read the Stipulation

Regarding Confidentiality And Protective Order dated _____, 2009 annexed

hereto ("Stipulation"), and agrees that, with respect to any material disclosed to the

undersigned which has been specifically designated as Confidential Material or Highly

Confidential - Outside Attorneys Eyes Only Material, and all information contained

therein, he or she shall maintain such material in strict confidence and shall not disclose

such material or information to any other person, except in accordance with the terms of

the Stipulation. The undersigned agrees that by its signature below, the undersigned

intends to make a binding agreement with the parties to the above-captioned proceeding

to treat all Confidential Material and Highly Confidential - Outside Attorneys Eyes Only

Material in accordance with the Stipulation, and not to use the Confidential Material or

Highly Confidential - Outside Attorneys Eyes Only Material, or the information they

- 19 -

NYC 330364.1

contain, for any purpose other than for the prosecution or defense of the claims or counterclaims asserted in the pending proceedings between the parties. The undersigned agrees that either party may bring an action to enforce compliance with this agreement and/or seek damages for any violation of this agreement, and further agrees to submit to the jurisdiction of the United States District Court for the Southern District of New York or any court of competent jurisdiction for the purpose of such an action.

Dated: _____, 2009
　　　　New York, NY

- 20 -